## ELIAS NANDINE and ROBERT MAXWELL v. JOHN DARRACH.

Court of Common Pleas. Kent. May 13, 1800.

*Rodney's Notes.*

*Rodney, Vandyke* [for plaintiff]. *Bayard, Ridgely* [for defendant].

This action brought on a bill of exchange drawn by John Darrach in favor of plaintiffs on Hollingsworth and Morton for £350 and accepted by H. M. and Co., April 22, 1798, and accepted May 16, 1798, to recover back of defendant the amounts.

*Bayard.* June 20, 1798, the sixty days expired. If they had called upon the Company within that time and three days after, they were solvent and would have paid it, and until two months after.

James McClyment. Before about August 1, the firm was in good credit. They owed me a considerable sum; after that, stopped payment, though they did pay me a part of my debt after.

*Ridgely.* 1 Esp.N.P. 54, if the holder does not use due diligence, the drawer is not liable etc. Where holder gave twenty-one dollars credit, drawer not liable. [1 Esp.N.P.] 56, as soon as the bill is due, the holder should apply for payment, and if they hold it longer they take the risk on themselves. Plaintiffs have also made themselves liable by receiving a part of the debt, *viz* £31 odd and giving the drawer a credit. In [1] Esp.N.P. 54, the law says it shall be an absolute discharge. 2 H.Bl. 612, no evidence in this cause that the Company was ever applied to or refused payment to plaintiffs, and they must make it appear they demanded and were refused. [2 H.Bl.] 35.

*Rodney* for plaintiff. The counsel on the other side admit that it lies on them to discharge themselves from the payment. Order payable sixty days after date, not after sight, and we did apply and got it accepted May 16 and received £31 on it. Letter, August 28, from John Darrach to plaintiffs. We contend sufficient evidence of notice, but the great point in this cause is whether we have used due diligence, or gave notice in time. The principles and customs of the English [and] their laws have not been brought into practice here; the question of notice is a question of law there, but here it is a question for the jury to decide. 2 H.Bl. 336, 2 Dall. 158, what is reasonable notice, the jury is to decide according to the circumstances of the case and the custom of the country. Charge of Chief Justice Johns, New Castle. Bull.N.P. 271, receipt of part by drawee will not prevent recovery from drawer if timely notice has been given.

*Vandyke* for plaintiff. Order drawn [on] Hollingsworth and Morton but is accepted by a different firm, *viz* H. M. and Co. [1] Esp.N.P. 55, the strict rule of notice does not apply where drawee has no effects in his hands. I conceive the question will turn round to the point before mentioned, whether reasonable notice or not. The amount due after adding interest and deducting payments is about £355.

*Bayard* in conclusion. A demand is necessary, and if money is not paid, notice must be given to the drawer. [As] to notice I agree with the counsel on the other side that the question of reasonable notice in this country has not been settled by the courts but left to the jury, but in McKean's opinion, two or three months would certainly be too long. There is also a bank in Wilmington governed by the same laws as in Philadelphia. Question of notice, though to be left to jury, is a question of law, but the exact time to be deemed reasonable has not been settled. In this case two months elapsed.

PER CURIAM. CHIEF JUSTICE BOOTH. In this action there are three grounds. First, not due diligence. The Court think a demand of payment was necessary. Second, plaintiffs were bound to give notice,—reasonable notice, to be decided by you. Third, plaintiffs had received a part, which discharged the drawer. The Court consider this question to turn on the second point.

Verdict for defendant.